IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTOINE L. MINOR, )<br>    Petitioner, ) | Case No. 7:23-cv-00144 |
| )<br>v. )<br>) | By: Michael F. Urbanski |
| COMMONWEALTH OF VIRGINIA, )<br>    Respondent. ) | Chief United States District Judge |

## DISMISSAL ORDER

Antoine L. Minor, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Minor challenges the validity of his July 2021 convictions in the Circuit Court for the City of Richmond. Along with his § 2254 petition, Minor submitted a copy of a petition for writ of habeas corpus filed in the Circuit Court for the City of Richmond in February 2023. State court records available online indicate that the state habeas petition is still pending. Accordingly, Minor has not yet exhausted his state court remedies, and this court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state court remedies, Minor must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Where, as here, a petitioner files a petition in federal court while he still

has available state court proceedings in which to litigate his federal claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

As indicated above, Minor's state habeas petition is still pending in the Circuit Court for the City of Richmond. Once the Circuit Court addresses the claims in his petition, he may pursue an appeal to the Supreme Court of Virginia if he is dissatisfied with the Circuit Court's decision. See Va. Code Ann. § 17.1-406(B). Minor must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider the claims on the merits under § 2254.

For these reasons, Minor's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies, and the Clerk shall **STRIKE** this matter from the court's active docket.* Additionally, because Minor has not demonstrated that reasonable jurists would find the court's procedural ruling debatable or incorrect, a certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000).

The Clerk shall send a copy of this order to Minor.

It is so **ORDERED**.

---

* If Minor fails to obtain relief in state court, he may refile his petition for writ of habeas corpus under § 2254. In light of the substantial advantages in resolving federal habeas actions in the federal district court that is nearest to the court where the underlying state convictions arose, see Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 497–99 (1973), the petition should be filed in the United States District Court for the Eastern District of Virginia. Generally, a § 2254 petition must be filed within one year of the date on which a petitioner's conviction and sentence became final by the conclusion of direct review or the expiration of the time allowed for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, during the time period when a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The court expresses no opinion regarding the timeliness of any future § 2254 petition.

Entered: May 1, 2023

*Digitally signed by Michael F. Urbanski, Chief U.S. District Judge*
*Date: 2023.05.01 14:54:52 -04'00'*

Michael F. Urbanski
Chief United States District Judge

3